UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE BOSSART, RAYMOND BERRY,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington,<br><br>Defendant. | CASE NO. 2:24-cv-01776-JHC<br><br>ORDER RE: MOTION TO DISMISS |

# I

#### INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss under Rule 12(b)(1). Dkt. # 22; *see* Fed. R. Civ. P. 12(b)(1). The Court has considered the motion, Plaintiffs' response (Dkt. # 31), Defendant's Reply (Dkt. # 34), the rest of the file, and the governing law. As explained below, due to lack of subject matter jurisdiction, the Court GRANTS the motion and DISMISSES this matter without prejudice.

//

//

ORDER RE: MOTION TO DISMISS - 1

# II

## DISCUSSION

"Federal courts are courts of limited jurisdiction," and their jurisdiction is limited by the Constitution and "those subjects encompassed within a statutory grant of jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991) (internal citation omitted). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction and "the plaintiff bears the burden of establishing subject matter jurisdiction." *Id.*; Fed. R. Civ. P. 12(b)(1). If a court finds that subject matter jurisdiction does not exist, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In addition, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Id.* (quoting *United States v. Cotton,* 535 U.S. 625, 630 (2002)).

Plaintiffs' complaint maintains the Court has federal question jurisdiction under 28 U.S.C. § 1331, due to "material question about the extent and nature of rights, privileges, and immunities derived from title to land conveyed via federal land patent pursuant to acts of Congress[.]" Dkt. # 1 at 2. But "[f]ederal land patents and acts of Congress do not provide bases for federal question jurisdiction." *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). This has been the law for more than a century:

> A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title

ORDER RE: MOTION TO DISMISS - 2

to land in the central and western states would so arise, as all titles in those states are traceable back to those laws.

*Shulthis v. McDougal,* 225 U.S. 561, 569–70 (1912). And the conclusion that federal land patents do not confer federal question jurisdiction "has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts." *Virgin,* 201 F.3d at 1143; *see, e.g.*, *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 676–77 (1974) ("Once [a] patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent."); *Standage Ventures, Inc. v. Arizona,* 499 F.2d 248, 249 (9th Cir. 1974) ("The complaint does not allege expressly that any law of the United States is directly or indirectly involved in the dispute; it is not alone enough that appellant's title is traceable to such a law.")).

Because federal land patents do not confer federal question jurisdiction, and there is no other basis for federal question jurisdiction in the complaint, Plaintiffs have not met their burden to establish the Court has federal question jurisdiction. And Plaintiffs do not address diversity jurisdiction. *See generally* Dkt. # 1. So the Court concludes that it lacks subject matter jurisdiction.

//
//
//
//
//
//
//

ORDER RE: MOTION TO DISMISS - 3

# III

## CONCLUSION

For all these reasons, the Court GRANTS Defendant's Motion to Dismiss, Dkt. # 22, and DISMISSES this matter without prejudice. The Court STRIKES as moot Plaintiffs' Motion for Summary Judgment, Dkt. # 10.

Dated this 23rd day of April, 2025.

John H. Chun
United States District Judge